# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN THOMAS MATHEIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARCUS POLLARD, Acting Warden,<br><br>　　　　　Respondent. | Case No. 5:19-cv-01221-FLA (PVC)<br><br>**ORDER: (1) ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; AND (2) DENYING PETITIONER'S MOTION FOR RELIEF (Dkt. 42)** |

　　　　Pursuant to 28 U.S.C. § 636, the court has reviewed Petitioner's First Amended Petition ("FAP"), all the records and files herein, the Report and Recommendation of the United States Magistrate Judge (the "Report and Recommendation"), Petitioner's Objections to the Report (the "Objections"), Respondent's Reply to Petitioner's Objections, and Petitioner's Rebuttal to Respondent's Reply.[1]  After having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the

---

[1] Petitioner's Rebuttal is procedurally improper because neither Fed. R. Civ. P. 72(b) nor the Local Rules authorize a rebuttal brief to an opposing party's reply following the filing of objections to a Report and Recommendation.  However, because the arguments raised in the Rebuttal largely echo those set forth in Petitioner's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, discussed below, the court exercises its discretion to consider the Rebuttal.

1

court concurs with and accepts the findings and conclusions of the Magistrate Judge.

The court has also considered Petitioner's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion for Relief"), which was filed concurrently with the Objections. Dkt. 42. The Motion for Relief challenges, in part, the Magistrate Judge's June 19, 2020 Order denying Petitioner's motions for discovery, an evidentiary hearing, and appointment of counsel. Dkt. 37. To that extent, the Motion for Relief may be construed as objections to a non-dispositive order of a Magistrate Judge under Fed. R. Civ. P. 72(a). The Motion for Relief also specifically challenges the Magistrate Judge's recommendation that Petitioner's ineffective assistance of counsel claim in ground five of the FAP be denied as speculative. Accordingly, the Motion for Relief may also be construed as objections to the Report and Recommendation under Fed. R. Civ. P. 72(b).

When construed under Rule 72(a) as objections to a non-dispositive ruling, the Motion for Relief is untimely. Objections to a Magistrate Judge's non-dispositive order must be filed within fourteen days. Fed. R. Civ. P. 72(a). The Magistrate Judge's Order issued on June 19, 2020. Petitioner constructively filed the Motion for Relief on November 11, 2020, almost five months later, and has not attempted to explain his delay. As such, the Motion for Relief is untimely under Rule 72(a) and must be DENIED on that ground. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [Magistrate Judge's] order not timely objected to.").

Additionally, even if the court were to consider the Motion for Relief on its merits under Rule 72(a), the motion still fails. As the Magistrate Judge explained in denying Petitioner's underlying motions, because the habeas claims he seeks to develop were adjudicated on their merits in state court, pursuant to 28 U.S.C. § 2254(d), adjudication of those claims in federal court is limited to the record presented to the state courts. Dkt. 37 at 10–18. Discovery, an evidentiary hearing,

2

and the appointment of counsel to conduct those proceedings on Petitioner's behalf would be futile because even if Petitioner were able to develop relevant evidence, he would not be able to use it to support his claims as the evidence was never presented in the state courts.  Dkt. 37 at 10.  As a result, Petitioner's renewed requests for discovery, an evidentiary hearing, and the appointment of counsel are DENIED in the alternative under Rule 72(a).

The Motion for Relief also fails if it is construed under Rule 72(b) as objections to the Magistrate Judge's Report and Recommendation.  It appears Petitioner raises a global objection to the Report and Recommendation in its entirety, Dkt. 42 at 1, which fails for lack of specificity.  *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of a Magistrate Judge (emphasis added)); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[28 U.S.C. § 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, *of any issue* that is not the subject of an objection." (emphasis added)).

To the extent Petitioner challenges the Magistrate Judge's recommendation as to ground five under Rule 72(b), the Motion for Relief also fails on de novo review.  Petitioner appears to make two arguments relating to ground five:  first, in the FAP, Petitioner argues his trial counsel was ineffective for failing to investigate the mental health records of jailhouse informant "Erick J." for impeachment evidence.  Dkt. 12 at 27.  Second, in his Motion for Relief, Petitioner appears to contend that various parties, including the District Attorney, have improperly denied him access to Erick J.'s mental health records.  In support of this claim, Petitioner attaches to his Motion for Relief copies of: (1) correspondence from the District Attorney's Office to Petitioner in 2017 outlining the procedures for obtaining post-conviction discovery; (2) Petitioner's letter to the District Attorney's Office dated September 28, 2020, in which Petitioner asks for copies of Erick J.'s mental health files; and (3) correspondence between Petitioner and his criminal

defense counsel in 2017, reflecting that Petitioner requested, and evidently received, Petitioner's criminal case file.  Dkt. 42 at 13–21.  Last, Petitioner's Rebuttal to Respondent's Reply includes, for the first time, a declaration from an inmate named Rogelio Cabrera who states he saw jailhouse informant "Eric Jones" receive "medication at the pill call window at least three times a day" and heard Mr. Jones complain that the psychotropic drugs he was taking "were not working." Dkt. 44 at 5.

First, Petitioner fails to show that his trial counsel's failure to investigate Erick J.'s mental health records amounts to ineffective assistance of counsel.  To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both (1) counsel's performance was deficient by falling below an "objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense, meaning there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

The Report and Recommendation notes that Petitioner contended, "without support, that Erick J. had been prescribed 'psychotropic drugs' at the time of the trial and had a 'history of severe mental problems.'"  Dkt. 43 at 35 (citing FAP at 27).  The Magistrate Judge recommended ground five be denied because Petitioner put forth no evidence Erick J. suffered any mental health defects at the time of trial that would have impaired his ability to testify competently and truthfully, therefore "any prejudice is entirely speculative."  Dkt. 43 at 35–36 (citing, *inter alia*, *Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008)).

This court agrees with the analysis of the Report and Recommendation. While the untimely hearsay declaration of Rogelio Cabrera in Petitioner's Rebuttal suggests that mental health records for Erick J. may currently exist, Petitioner has

not shown any such records existed at the time of his trial.[2]  Petitioner's trial counsel also conducted a reasonable cross-examination of Erick J. regarding his criminal history, including a prior conviction for lying to the police; his former gang membership and nickname "Evil"; his motivation for cooperating with the police and the specifics of his agreement with the prosecution to testify at Petitioner's trial; his meetings with prosecutors; and discrepancies in his testimony. Dkt. 32-9 at 51–85.  Erick J. admitted on cross-examination that he has been "willing to do dishonest things to get by."  Dkt. 32-9 at 82.  Even assuming Petitioner's counsel could have impeached Erick J. with mental health records that existed at the time of trial, Petitioner fails to show prejudice.  *See Passalacqua v. McDonald*, 650 F. App'x 374, 375 (9th Cir. 2016) (noting "relatively minor or speculative impeachment evidence" about medication for mental illness arguably did not prejudice the defense when defense counsel had vigorously cross-examined the witness); *Davis v. Woodford*, 384 F.3d 628, 641–42 (9th Cir. 2004) (defense counsel's failure to impeach prosecution witness about a past conviction did not prejudice the outcome of the trial where counsel impeached the witness on other grounds, since the jury was already "on notice" that the credibility of the witness was at issue).

      Second, the new claim related to ground five in Petitioner's Motion for Relief appears to be that the prosecutor, as opposed to his counsel, failed to provide Erick J.'s mental health records in violation of his rights.  Dkt. 42 at 1–2.  This claim fails procedurally because it does not appear in the FAP and is not exhausted. *See* 28 U.S.C. § 2254(b)(1)(A), (c).  It also fails on the merits.  While exhibits attached to Petitioner's Motion for Relief show Petitioner asked the District

---

[2] Because ground five was decided on the merits in state court, this court's consideration of that claim is limited to the evidence before the California Supreme Court.  28 U.S.C. § 2254(d).  Accordingly, Petitioner's correspondence with the District Attorney's Office and his counsel, and Mr. Cabrera's declaration, do not compel a different outcome on ground five.

5

Attorney's Office for Erick J.'s medical and mental health files, it does not follow that the prosecutor in fact possessed any such files or wrongfully withheld them. Further, there is no violation of *Brady v. Maryland*, 373 U.S. 83 (1963) when the evidence is equally available to the defense. *See Diep v. Cate*, 749 F. App'x 534, 536 (9th Cir. 2018) (finding no *Brady* violation for failure to turn over evidence that "was equally and readily available to defense counsel"); *see also United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("When ... a defendant has enough information to be able to ascertain the supposed *Brady* material on his own, there is no suppression by the government." (citations omitted)).

Accordingly, the court DENIES the Motion for Relief when construed as objections to the Report and Recommendation under Rule 72(b).

IT IS ORDERED that the First Amended Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 8, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge